**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff, | ) | Case No. 26-10005-EFM |
| v. | ) | Hon. Anthony J. Powell |
| ADAM T. UMSTEAD<br>Defendant. | ) | |

## DEFENSE SENTENCING MEMORANDUM

Defendant, by and through undersigned counsel, respectfully submits this memorandum in aid of sentencing. He has accepted responsibility and requests this Honorable Court grant a sentence of five years — a reasonable punishment – in light of the circumstances.

## ARGUMENT:

### A. Five years in custody is appropriate in this case.

As this learned Court knows the guidelines are advisory, and rather than serving to define a case, they are instead a starting point in the sentencing process. *See Gall v. U.S.*, 128 S. Ct. 586, 596 (2007). Worthy of consideration – the guidelines are a factor that cannot be ignored in this case, or any other – nor should they be. However, we ask this Court to consider the fact that they are not presumed to be reasonable in this case, or any other, either. *Nelson v. United States*, 555 U.S.

350, 352 (2009). Finally, we ask this Court to turn to 18 U.S.C. § 3553(a) and apply the outlined standards to determine a reasonable sentence.

According to 18 U.S.C. § 3553(a), the Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) . . . . The Court, in determining the particular sentence, shall consider—"

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and,
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Courts must consider all the factors addressed in 18 U.S.C. § 3553(a) before imposing a sentence. *See Gall v. U.S.*, 128 S. Ct. at 596. In doing so, they "must make an individualized assessment based on the facts presented." *Id.* at 597. This inquiry is based on "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Ultimately, the

factors that are relevant will vary as greatly as the individuals that appear before the Court.

18 U.S.C. § 3661 makes it clear that "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." The Supreme Court highlighted the centrality of this concept: "In particular, we have emphasized that '[h]ighly relevant—if not essential—to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics.' Permitting sentencing courts to consider the widest possible breadth of information about a defendant 'ensures that the punishment will suit not merely the offense but the individual defendant.'" *Pepper v. United States*, 562 U.S., 131 S. Ct. 1229, 1240 (2011) (citations omitted).

**B. The Court should grant a five year term because a sentence should be no greater than necessary.**

A sentence must be sufficient, but not greater than necessary to afford deterrence, protect the public, and promote respect for the law. 18 U.S.C. 3553 (a)(2)(B), (C). It is our contention that significant incarceration is not necessary to promote deterrence on his behalf; prevent recidivism on his behalf; or, assure he is sufficiently punished.

In fact, when considering whether five years in custody is an appropriate sentence, we ask the Court to consider the following: 1) Defendant has immense support from friends and family; 2) Defendant took responsibility without hesitation; and, 3) Defendant used no violence whatsoever during the commission of this crime. All of these things will also be addressed to the Court through his testimony at sentencing. It is through his words (and my own) that we hope this Court embraces our sincerity and ultimately allows for a sentence of five years, rather than the term of years recommended by the United States Government.

Respectfully,

_*/s/ Gregory Watt*____________
Gregory Watt, KS Bar No. 26146
The Watt and Young Law Firm
700 Broadway Blvd. KC, MO 64105
Phone: 913.433.3849/913.777.8575
Fax: 816.919.2945
Email: gwatt@kcmetrodefense.com

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

In accordance with Rule 49(a), (b) and (d), Fed. R. Crim. P., and Rule 5(b), Fed. R. Civ. P., it is hereby certified that on this 14th day of September 2026, one copy of the foregoing motion was electronically delivered to all participants of the ECF filing system.

*/s/ Gregory Watt, Attorney for Defendant*